**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALVIN HERBERT ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-4772** |
| **ASI LLOYDS ET AL.** | **SECTION I** |

**ORDER & REASONS**

Before the Court is defendants Progressive Property Insurance Company's ("Progressive") and ASI Lloyds' (collectively, "defendants") motion[1] to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs Alvin Herbert and Jennifer Herbert ("plaintiffs") oppose the motion.[2] Defendants filed a reply in support of their motion.[3] For the reasons set forth below, the Court grants the motion to dismiss.

## I. BACKGROUND

This matter arises from property damage to plaintiffs' property caused by Hurricane Ida.[4] Plaintiffs allege that defendants did not make adequate payments and that they acted in bad faith.[5] Plaintiffs filed their complaint in this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6] Defendants now argue that this Court does not have subject matter jurisdiction

[1] R. Doc. No. 9.
[2] R. Doc. No. 12.
[3] R. Doc. No. 16.
[4] *See generally* R. Doc. No. 1.
[5] *Id.* at 4.
[6] *Id.* at 1, ¶ 4.

because plaintiffs failed to establish diversity of the citizenship.[7] Defendants also contend that plaintiffs have not stated a claim against ASI Lloyds because ASI Lloyds is not an insurer pursuant to the policy.[8]

## II. STANDARD OF LAW

### a. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Rule 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the

---

[7] R. Doc. No. 9-1, at 4.
[8] *Id.* at 3.

party asserting jurisdiction." *Ramming*, 281 F.3d at 161. If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g.*, *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

**b. Rule 12(b)(6)**

Rule 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair

notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

## III. ANALYSIS

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608). "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Accordingly, the Court will address defendants' Rule 12(b)(1) argument first.

Defendants argue that this Court lacks diversity jurisdiction because Progressive is a citizen of Louisiana and plaintiffs are citizens of Louisiana.[9] In response, plaintiffs argue that Progressive was incorporated in Florida and has not

[9] R. Doc. No. 9-1, at 4.

properly reincorporated in Louisiana.[10] Plaintiffs also assert that Progressive's principal place of business is in Florida.[11] In reply, defendants argue that Progressive changed its domicile and principal place of business to Louisiana on April 1, 2022.[12] Defendants also cite recent cases from the Western District of Louisiana holding that Progressive is domiciled in Louisiana because it moved its principal place of business.[13] *See Boone v. Progressive Home Ins. Co.*, No. 2:22-CV-04959, 2023 WL 4379340 (W.D. La. July 6, 2023); *Williams v. Progressive Ins. Co.*, No. 2:22-CV-04933, 2023 WL 5487384 (W.D. La. Aug. 23, 2023). Defendants also argue that, regardless of Progressive's principal place of business, its state of incorporation was Louisiana at the time this lawsuit was filed.[14]

Diversity jurisdiction requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332(c), "a corporation is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business." *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987). Defendants have submitted certified records showing that Progressive was reincorporated in Louisiana.[15] The documents were signed and approved by a representative on behalf of the Louisiana Commissioner of Insurance.[16] Specifically,

---

[10] R. Doc. No. 12, at 3.
[11] *Id.*
[12] R. Doc. No. 16, at 2.
[13] *Id.*
[14] *Id.*
[15] R. Doc. No. 16-1.
[16] *Id.*

one document, signed personally by the Louisiana Commissioner of Insurance, states that Progressive is "an insurance company organized under the laws of the State of Louisiana, domiciled at Metairie[,] Louisiana, Jefferson Parish."[17]

In response, plaintiffs state that, to be incorporated in Louisiana, an existing corporation must follow the procedures for reincorporation.[18] The evidence provided by defendants, however, show that Progressive has been reincorporated. Plaintiffs present no evidence to the contrary. Therefore, plaintiffs, as the party asserting federal jurisdiction, have not carried their burden of proof. *See Ramming*, 281 F.3d at 161.

Plaintiffs also argue that Progressive's principal place of business is still in Florida.[19] As mentioned previously, multiple courts have recently found that Progressive has its principal place of business in Louisiana. However, the Court need not reach this issue because Progressive has reincorporated in Louisiana. As discussed, pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of *both* the state where it was incorporated and the state where it has its principal place of business. Because Progressive was incorporated in Louisiana at the time plaintiffs filed this action,[20] Progressive is a citizen of Louisiana. Therefore, diversity

---

[17] *Id.* at 4.
[18] R. Doc. No. 12, at 3.
[19] *Id.* at 12.
[20] Plaintiffs filed this action on August 28, 2023. R. Doc. No. 1. The documents concerning the reincorporation of Progressive are dated October, 2021 and December, 2021. R. Doc. No. 16-1.

jurisdiction has not been adequately alleged, and this case must be dismissed pursuant to Rule 12(b)(1).[21]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED**. The above-captioned matter is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, December 15, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

[21] Because the Court is dismissing this action without prejudice on jurisdictional grounds, the Court need not reach defendants' argument that the claims against ASI Lloyds should be dismissed on the merits. *See Ramming*, 281 F.3d at 161.