UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN HERBERT ET AL. | CIVIL ACTION |
| VERSUS | No. 23-4772 |
| ASI LLOYDS ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is a motion[1] for reconsideration of this Court's order dismissing the complaint for lack of jurisdiction filed by plaintiffs Alvin Herbert and Jennifer Herbert ("plaintiffs"). Defendants Progressive Property Insurance Company ("Progressive") and ASI Lloyds (collectively, "defendants") oppose the motion.[2] Plaintiffs filed a reply in support of their motion.[3] For the reasons set forth below, the Court denies the motion for reconsideration.

### I.   BACKGROUND

This matter arises from property damage to plaintiffs' property caused by Hurricane Ida.[4] Plaintiffs allege that defendants did not make adequate payments and that they acted in bad faith.[5] Plaintiffs filed their complaint, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6] On December 15, 2023, this Court granted defendants' motion to dismiss for lack of jurisdiction.[7] Specifically,

---

[1] R. Doc. No. 19.
[2] R. Doc. No. 20.
[3] R. Doc. No. 23.
[4] *See generally* R. Doc. No. 1.
[5] *Id.* at 4.
[6] *Id.* at 1, ¶ 4.
[7] R. Doc. No. 9-1, at 4.

1

the Court found that Progressive had reincorporated in Louisiana and was a citizen of Louisiana, meaning that diversity jurisdiction did not exist at the time the action was filed.[8]

Plaintiffs now move for reconsideration of the Court's order arguing that it contains manifest errors of fact and law because the Court incorrectly concluded that Progressive had reincorporated in Louisiana and because the Court did not apply the nerve center test to determine Progressive's principal place of business.[9] In response, defendants argue that Progressive complied with the requirements of Louisiana Revised Statute § 22:75 and therefore Progressive is a citizen of Louisiana.[10] Defendants also argue that plaintiffs assert no new evidence, law, or arguments in their motion for reconsideration.[11]

## II.  LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Accordingly, a motion for reconsideration filed within twenty-eight days of the district court's judgment is recharacterized as a motion to alter or amend the judgment and it will be construed pursuant to Rule 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004). A motion for reconsideration filed more than twenty-eight days after the judgment is treated as a Rule 60(b) motion for relief from judgment.

---

[8] R. Doc. No. 17, at 6.
[9] R. Doc. No. 19, at 1.
[10] R. Doc. No. 20, at 4.
[11] *Id.*

*Id.* Plaintiffs filed this motion within twenty-eight days of the entry of final judgment.[12] Accordingly, a Rule 59(e) analysis is appropriate.

A motion pursuant to Rule 59(e) "calls into question the correctness of a judgment." *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (citations omitted). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Thus, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018).

The Court previously explained that the Louisiana Commissioner of Insurance signed documents stating that Progressive was reincorporated in Louisiana and therefore Progressive was a citizen of Louisiana.[13] Plaintiffs argue that this is a manifest error of law because Progressive did not properly follow the procedures for

---

[12] The Court issued a judgment in the above-captioned matter on December 15, 2023. R. Doc. No. 18. Plaintiffs filed their motion for reconsideration on January 12, 2024, which is twenty-eight days after entry of judgment. R. Doc. No. 19. Both parties agree this motion is properly considered pursuant to Rule 59(e). R. Doc. No. 19-1, at 2; R. Doc. No. 20, at 2.
[13] R. Doc. No. 17, at 5.

3

redomestication pursuant to Louisiana Revised Statute § 22:75(A).[14] More specifically, plaintiffs argue that the Court should have applied U.S. Supreme Court jurisprudence with respect to a corporation's citizenship based on its principal place of business to determine if Progressive is properly a citizen of Louisiana through redomestication.[15]

>Louisiana Revised Statute § 22:75(A) provides that:
>
>"Any insurer which is organized under the laws of any other state and is admitted to do business in this state for the purpose of writing insurance may, upon approval of the commissioner of insurance, become a domestic insurer by complying with all of the requirements of law relative to the organization and licensing of a domestic insurer of the same type and by designating its principal place of business at a place in this state."

This statute places the authority to determine whether an insurer may redomesticate with the commissioner of insurance by stating that an insurer may become a domestic insurer "upon approval of the commissioner of insurance." As stated, the Louisiana Commissioner of insurance permitted Progressive to redomesticate.

Plaintiffs cite no caselaw indicating that the authority to determine whether a company has properly redomesticated pursuant to Louisiana law lies with this Court instead of the Louisiana Commissioner of Insurance, and the Court has not identified any caselaw supporting that proposition. Plaintiffs essentially ask this Court to nullify a certificate issued by the Louisiana Commissioner of Insurance.

---

[14] R. Doc. No. 19-1, at 4.
[15] *Id.* As the Court previously explained, "a corporation is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business." R. Doc. No. 17 (citing *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987))

This Court previously found,[16] and now reaffirms, that plaintiffs have not satisfied their burden of proof with respect to federal jurisdiction and this matter must be dismissed pursuant to Rule 12(b)(1). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.").

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

New Orleans, Louisiana, February 8, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. No. 17, at 6.